INDEPENDENT SCHOOL DIST. NO. 2, TURNER COUNTY, v. DISTRICT NO. 37, CLAY COUNTY, et al.

As Rev. Pol. Code, § 2327, which provides for the appointment of commissioners for the formation of a school district from the parts of two or more counties, contemplates the organization of districts embracing territory of two adjacent counties, section 2410, as amended by Laws 1903, p. 150, v. 133, which provides that territory outside of the limits of any independent school district, but adjacent thereto, may be attached thereto, and territory within the limits of an independent district and adjacent to any school district may be attached to the district, authorizes the detaching of territory from an independent district in one county and attaching it to a district in another county.

Where, in proceedings to detach territory from one school district and attach it to another, the circuit court, on appeal from the action of the committee provided for by Rev. Pol. Code, § 2410, as amended by Laws 1903, p. 150, c. 133, providing for the annexation

and detachment of territory of school districts, tried the case de novo, and adjudicated the question of the division of the property of the districts, the question whether the action of the committee adusting the property of the districts was proper was immaterial.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Turner County. Hon. E. G. SMITH, Judge.

Action by the Independent School District No. 2, Turner County, against the District No. 37, Clay County, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Alan Bogue, Jr.,* for appellant. *L. L. Fleeger,* for respondents.

CORSON, J. This is an appeal from the judgment of the circuit court made and entered upon an appeal from the action of a committee appointed to detach certain territory from one school district in one county and attach it to another school district in another county. The proceeding was brought by certain of the defendants to have the territory upon which they reside, it being a part of the plaintiff, Independent School District, attached to the defendant School District No. 37 of Clay County. The plaintiff school district extends on the south to the line between Turner and Clay counties. The territory sought to be detached is adjacent to said School District No. 37, of Clay county. The petitioners reside from 3 to 4 miles from the schoolhouse in said plaintiff district, except two of them, who reside $2\frac{1}{2}$ miles from said schoolhouse. By attaching said territory to the defendant School District No. 37, the petitioners would all be reasonably close to the schoolhouse in said District No. 37. The petition in this matter was filed with the county superintendent of Turner county, and after due notice a committee consisting of said superintendent and the president of the board of education of the plaintiff district and the chairman of the district board of the defendant District No. 37 met and acted on said petition. After considering said matter, the said committee decided to detach the territory described in the petition from said plaintiff and attach it to defendant District No. 37, and an order was made in conformity to said decision. The said circuit court upon the trial of said cause made its judgment affirming the decision and order of said committee and detaching said territory from the

plaintiff district and attaching it to the defendant District No. 37, and affirmed the adjustment of property interests made by the said committee.

The principal question presented to this court by this appeal is whether or not, under the provisions of chapter 133, p. 150, Laws 1903, the committee assembled by the county superintendent of Turner county had any jurisdiction, power, or authority whatever to detach territory from an independent school district lying wholly within the boundaries of one county, and attach such territory to another school district whose territory lies wholly within the boundaries of another and adjoining county.

It is contended by the appellant, that the general purpose and intent of the act in question was to confine the boundaries of school districts to county lines, and that the Legislature never intended by the provisions of section 2410, Revised Pol. Code, as amended by the act of 1903, that a petition could be filed with the superintendent of one county asking that territory in that particular county be detached from an independent school district therein and attached to a school district in an adjoining county, or, that the superintendent of the said county could then call a committee composed of himself, the president of the board of education of the independent school district, and the chairman of the school district in the adjoining county, and proceed to detach territory from the independent school district in the said county and attach it to another school district whose territory lies wholly within the boundaries of another and adjoining county. Appellant further contends that there is no provision in our statutes authorizing the detachment of territory from an independent school district and attaching the same to a school district in another county, and that express legislation is needed to authorize such a change in the boundaries of school districts in adjoining counties.

It is contended by the respondent that the provisions of section 2410, above referred to, clearly authorizes the detaching of territory from one school district in a county and attaching the same to a school district in an adjoining county, and that the proceedings in this case and the action of the committee were clearly authorized by that section. It will be observed that by the provisions of section

2410 there is no limitation as to the territory to be detached and attached requiring the same to be within the limits of any particular county. It simply provides: "Territory outside of the limits of any organized independent school district, but adjacent thereto, may be attached thereto, and territory within the limits of any independent district organized for school purposes and adjacent to any school district may be attached to said school district." After a careful examination of the sections of the Code applicable to the formation of school districts we are inclined to the view that the circuit court gave a proper construction to this section, and the fact that the territory detached from the independent school district in Turner county and attached to the school district in Clay county was situated in Turner county did not render the proceedings of the committee void. To hold that section 2410, above quoted, applies to districts wholly within the same county only is to interpolate into the section a limitation not contained therein. There seems to be no provision in the school law prohibiting a school district being formed of territory partly in one county and partly in another; and that such districts may be formed is apparent from the proviso in section 2327 of the Revised Political Code, which provides that after the boundary lines of the several school districts in the county are established such boundaries may be changed as therein specified, "provided, that when petition is made for the formation of a district from parts of two or more counties," the commisisoners might proceed to take certain proceedings. It will thus be seen that it is contemplated by the Legislature that school districts may be organized embracing territory of two adjacent counties, and therefore that the language used in section 2410 may very properly be construed, in the absence of any limitation, to apply to detaching territory from a school district in one county and attaching it to a school district in another county.

The case was tried de novo in the circuit court, and the division of the property was adjudicated by that court, and it is not necessary to determine on this appeal whether or not the proceedings of the committee in regard to the adjustment of the property and debts of the territory detached from the one district and attached to the other was or was not properly made. It is sufficient that the com-

mittee had jurisdiction to act upon the petition presented, and that the court in its judgment upon the appeal from the action of the committee adjudicated the various questions presented.

The judgment of the circuit court is affirmed.